Case No. 15-C-008383                                       JEFFERSON DISTRICT COURT
                                                                                                   Div. 1

John Michalczyk                                                               PLAINTIFFS
Melissa Michalczyk

v.                                          **COMPLAINT**

Cavalry SPV I, LLC                                                            DEFENDANTS
Serve:
    CT Corporation System
    306 West Main Street
    Suite 512
    Frankfort, KY 40601

Cavalry Portfolio Services, LLC
Serve:
    CT Corporation System
    306 West Main Street
    Suite 512
    Frankfort, KY 40601

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON DISTRICT COURT
LOUISVILLE, KENTUCKY
BY_____ D.C.

\*   \*   \*   \*   \*

## INTRODUCTION

1.    This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2.    Plaintiff John Michalczyk is a natural person who resides in Jefferson County, Ky. Mr. Michalczyk is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

3.    Plaintiff Melissa Michalczyk is a natural person who resides in Jefferson County, Ky. Ms. Michalczyk is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C.


EXHIBIT A

§ 1692a(3).

4. Defendant Cavalry SPV I, LLC ("Cavalry") is a foreign limited liability company registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

5. Cavalry regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

6. Defendant Cavalry Portfolio Services, LLC ("CPS") is a foreign limited liability company registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as Cavalry. CPS's principal place of business is located in Valhalla, NY 10595.

7. CPS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

I. **Statement of Facts**

8. In April 2015, Mr. and Mrs. Michalczyk obtained a copy of their Consumer Liability Report (CLR) from CIN Legal Data Services.

9. The Michalczyks' CLR includes information recovered from the three major consumer credit reporting agencies ("CRA's"): Experian, Equifax, and Trans Union.

10. The Michalczyks' CLR includes negative information furnished by Cavalry and/or CPS in connection with two different debts or accounts: One in connection with a credit card account originated by HSBC Bank Nevada, N.A. ("HSBC") with account number ending in 9358.

11. Upon information and belief the HSBC credit card account was used exclusively for personal, family, and/or household purposes, which makes the HSBC credit card debt a "debt" within the meaning of the FDCPA.

12. Upon information and belief, HSBC closed the credit card account at issue and charged it off to profit and loss in July 2012.

13. Upon information and belief, the face amount due on the HSBC debt at the time of charge off was $484.00.

14. Upon information and belief, after charging off the credit card debt, HSBC affirmatively waived its right to charge any and all interest on the credit on the credit card account at issue. HSBC affirmatively waived its right to all interest for sound and prudent business reasons, including relieving itself of the burden of sending periodic statements on the account, to get favorable tax benefits from treating the debt as a loan loss, minimizing its loan-loss reserves, and for good customer relations. *See McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513, 524-26 (E.D. Mich. 2013).

15. Upon information and belief, HSBC sold the HSBC credit card debt to Cavalry or Cavalry's predecessor months or years after charging off the debt.

16. Upon information and belief, $484.00 was still the face amount due on the HSBC credit card debt on the date that Cavalry acquired the debt.

17. Upon information and belief, Cavalry bought the HSBC credit card debt for pennies on the dollar, paying no more than $25.00 for the debt with a face value of $484.00.

18. CPS furnished negative credit information concerning the HSBC credit card debt and Mr. and/or Mrs. Michalczyk to one or more consumer reporting agencies.

19. CPS furnished negative information concerning the Michalczyks in connection

with the HSBC credit card debt to one or more consumer reporting agencies in an attempt to collect a debt from them within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

20. As of April 2015, CPS was reporting that $504.00 was the amount due on the debt.

21. The information furnished by CPS to the CRA's does not explain or justify CPS's or Cavalry's basis for increasing the alleged amount due on the HSBC credit card debt from $484.00 to $504.00.

22. Attempts to collect even very small interest overcharges violate the plain language of 15 U.S.C. § 1692f(1). *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000) (holding that overstated interest charges in the amount of $1.29, $1.84, and $.65 violated the FDCPA). *Accord Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000) (holding that interest and late charges imposed by the collection agency exceeded a state limitation of 10% and violated § 1692f(1)); *Cadle Co. v. Steiner*, 2011 WL 925450 (Conn. Super. Ct. Feb. 10, 2011) (holding that the debt collector's demand of improperly calculated interest in excess of that allowed by statute violated the FDCPA); *Melillo v. Shendell & Assocs., P.A.*, 2012 WL 253205 (S.D. Fla. Jan. 26, 2012) (holding that the complaint stated a § 1692f claim by alleging that the defendant sent a dunning letter that sought to collect five months of interest when only three months of interest would have been due); *Egletes v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 3025236 (D. Conn. July 30, 2010) (holding that where the defendant attempted to garnish wages with interest on the judgment when the judgment struck a provision for interest, it was "inexcusable" for the collection lawyers to seek interest); *Carrizosa v. Stassinos*, 2010 WL 144807 (N.D. Cal. Jan. 10,

2010) (granting summary judgment on the consumers' § 1692f(1) claim where the debt collector attempted to collect both prejudgment interest and treble damages when state law prohibited the collection of both amounts); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Mass. 2002) (holding that purchaser of defaulted note violated the § 1692f(1) by demanding interest even though it had no documents on which it could determine how much interest it was entitled to demand).

23. CPS and/or Cavalry misrepresented the amount of the HSBC credit card debt in the negative credit information it furnished to the CRA's by falsely representing that $504.00 was the amount due on the HSBC credit card debt as of April 2015.

24. CPS and/or Cavalry violated multiple sections of the FDCPA by (i) furnishing false negative credit information concerning and the HSBC credit card debt to one or more consumer reporting agencies; (ii) falsely representing the amount due on the HSBC credit card debt; and (iii) attempting to collect more on the HSBC credit card debts from Mr. and/or Mrs. Michalczyk than was legally owed on the debt.

**II.  Claims for Relief: Violation of the Fair Debt Collection Practices Act**

25. The foregoing acts and omissions of Cavalry SPV I, LLC and Cavalry Portfolio Services, LLC constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each section.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs John and Melissa Michalczyk request that the Court grant them the following relief:

1. Award Plaintiffs actual damages;

2. Award each Plaintiff maximum statutory damages against each Defendant;

3. Award Plaintiffs' reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

Respectfully submitted,

*/s/ James H. Lawson*

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyclc.com